UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

ROOSEVELT A. MATHENY,
  *Defendant-Appellant.*

No. 00-4394

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-99-176)

Submitted: November 28, 2000

Decided: March 7, 2001

Before WIDENER, WILKINS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Troy N. Giatras, GIATRAS & WEBB, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Roosevelt A. Matheny appeals his convictions and 188-month sentence for conspiracy to distribute crack cocaine and possession with intent to distribute crack. Finding no error, we affirm.

I

Waymon Bailey, Matheny's confederate, testified that he met Matheny in Columbus, Ohio in late May or early June of 1999. Matheny told Bailey that he could supply him with crack at a low price. Bailey "told [Matheny] okay" and took down Matheny's pager and telephone numbers. Approximately three weeks later, Bailey called Matheny and asked if he would be interested in purchasing a handgun. Bailey went to Matheny's apartment and sold him the gun for one-quarter ounce of crack, which Bailey in turn sold on the corner of Third Avenue and Bream Street in Charleston, West Virginia.

A few weeks later, Bailey purchased one-quarter ounce of crack from Matheny. Matheny asked Bailey where he was selling his drugs and said that he wanted to travel with Bailey to Charleston. Both Bailey and Matheny sold crack at Third and Bream on this visit. Bailey bought another one-quarter ounce of crack from Matheny around the time of the North-South basketball game; he sold the crack at the intersection of Third and Bream.

Finally, just before August 27, 1999, Bailey purchased three-quarters of an ounce of crack from Matheny. He and his son drove to Charleston to sell drugs. When they arrived at Third and Bream on August 27, they discovered that Matheny was already there selling crack. Bailey testified that Matheny had secreted his drugs in a grassy area near a wall. Bailey and Matheny agreed that Matheny would sell all his crack before Bailey began selling his.

Officers conducting surveillance at the intersection on August 27 testified that they witnessed what they believed to be a drug transaction between Matheny and a driver of a car. Matheny approached the

car, placed both hands inside the car, and withdrew them seconds later. Matheny then scanned the area, went to the grassy area, and shuffled along the area with his arms extended. Detectives approached the men. Detective Palmer went to the grassy area and retrieved a bag of crack. The officers transported Matheny to the police department's booking office, where they found $840 secreted in Matheny's left shoe.

A jury convicted Matheny on both counts of the indictment. At sentencing, the district court counted as relevant conduct the one and one-quarter ounce of crack that Bailey purchased from Matheny, the one-quarter ounce of crack that Bailey received in exchange for the handgun, and the weight of crack represented by the $840* seized from Matheny's person. *U.S. Sentencing Guidelines Manual* § 2D1.1 (1998). The court concluded that Matheny was responsible for 46.7 grams of crack, for a base offense level of 30. Two levels were added because a firearm was possessed in connection with the offense. USSG § 2D1.1(b)(1). With an offense level of 32 and a criminal history category of V, Matheny's guideline range was 188-235 months. He received a 188-month sentence.

## II

Bailey claims that the district court erred in permitting Detective Bramlee to testify that he believed, based on his experience, that he witnessed Matheny conduct a drug transaction with the driver of the car that approached him on August 27. Bailey also contends that it was error to permit Bailey to testify that Matheny had shared some marijuana with him on August 27. Further, Bailey asserts that these two errors, when taken together, were so prejudicial as to have rendered his trial fundamentally unfair.

We review a district court's evidentiary rulings for an abuse of discretion. *United States v. Rhynes*, 218 F.3d 310, 315 (4th Cir. 2000). The district court did not abuse its discretion in overruling the objection to Detective Bramlee's testimony. Detective Bramlee had served

---

*There was testimony that one gram of crack sold for between $100 and $200. The court assumed that the price was $200 per gram, for a total of 4.2 grams.

on Charleston's Street Crimes Unit for two years, investigating street-level drug dealing, prostitution, and other so-called "street crimes." He had witnessed over one hundred hand-to-hand drug transactions and was well qualified to offer his opinion that Matheny's conduct on August 27 suggested that he had engaged in a drug deal with the driver of the car that he approached.

While Bailey was testifying, he stated that on August 27 Matheny had given him some marijuana and that they had rolled a marijuana cigarette. During a sidebar requested by the prosecutor, who apparently did not anticipate this reference to marijuana, defense counsel objected to mentioning marijuana, an uncharged substance. The court agreed that there was no need to testify about marijuana. When testimony resumed, the prosecutor asked Bailey not to make further reference to marijuana. On appeal, Matheny argues that this mention of marijuana unduly prejudiced his case. We disagree. The evidence of his dealing in crack was overwhelming, and the outcome of the case was not tainted by the few references to marijuana. Nor do we believe that Detective Bramlee's testimony and the mention of marijuana, taken together, prejudiced Matheny's case.

III

Matheny contends that the district court double-counted some of the crack for which he was held accountable. Additionally, Matheny argues that the court committed an arithmetical error when finding that relevant conduct in this case was 46.7 grams of crack. We disagree. The court found that Matheny was responsible for the one and one-quarter ounces of crack actually sold to Bailey and for the one-quarter ounce of crack that he paid Bailey for the handgun. One and one-half ounces of crack is the metric equivalent of 42.5 grams. *See* USSG § 2D1.1 (one ounce equals 28.35 grams).

The district court added 4.2 grams represented by the $840 secreted in Matheny's shoe. Thus the court correctly calculated that Matheny was responsible for 46.7 grams of crack.

IV

Finally, Matheny urges us to find that the district court erred when it increased his offense level by two levels for possession of the hand-

gun. This transaction was perhaps the first in a series of drug transactions that were part of the conspiracy. For this reason, the two-level enhancement under USSG § 2D1.1(b)(1) was not clear error. *United States v. Rusher*, 966 F.2d 868, 880 (4th Cir. 1992).

V

We accordingly affirm Matheny's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*